IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ALLSTATE INSURANCE COMPANY                                                    PLAINTIFF

V.                                    CASE NO. 13-CV-6113

DONALD MARTIN and PETER AND
MICHELLE PAZUCHOWSKI                                                          DEFENDANTS

**MEMORANDUM OPINION**

    Before the Court is a Motion for Summary Judgment filed by Plaintiff Allstate Insurance Company. ECF No. 14. Defendant Donald Martin has responded. ECF No. 22. Allstate Insurance Company has filed a reply. ECF No. 26. The matter is ripe for the Court's consideration. For the reasons explained below, Allstate Insurance Company's summary judgment motion is granted.

**I.  BACKGROUND**

    Allstate Insurance Company ("Allstate") issued a homeowners insurance policy and umbrella policy to Donald Martin. In 2013, Peter and Michelle Pazuchowski sued Martin, alleging that Martin and his employer, Ouachita Regional Counseling and Mental Health Center, Inc., denied the Pazuchowski's minor children appropriate education services and discriminated against them as a result of their mental disabilities. Allstate brings the instant declaratory judgment action against Martin, seeking a ruling that it has no duty to indemnify Martin for any damages awarded in the underlying action or to continue its defense of Martin in that action.

    **A.  Underlying Lawsuit**

    Martin is Chief Executive Officer of Ouachita Regional Counseling and Mental Health Center, Inc. The allegations in the underlying lawsuit involve the activities of both Martin and his

employer regarding their contract to provide alternate education for mentally disabled students in the Hot Springs and Fountain Lake School Districts. The Pazuchowskis specifically allege the following causes of action against Martin: (1) violations of Section 504 of the Rehabilitation Act of 1973; (2) violations of the Americans with Disabilities Act; (3) deprivation of the property interest in a free appropriate public education pursuant to the Fourteenth Amendment; (4) fraud; (5) outrage; and (6) deprivation of the right to public education pursuant to the Arkansas Constitution.

Martin has tendered the underlying lawsuit to Allstate and demanded that Allstate provide a defense. Allstate is currently providing a defense in the underlying action under a reservation of rights.

### B. Insurance Policies

Coverage X of the homeowners policy purchased by Martin offers family liability protection. Coverage X provides coverage for "damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an occurrence to which this policy applies, and is covered by this part of the policy." Similarly, the Umbrella Policy purchased by Martin provides that "Allstate will pay when an insured becomes legally obligated to pay for personal injury, property damage, or bodily injury caused by an occurrence."

Under both Coverage X of the homeowners policy and the umbrella policy, "occurrence" means an "accident." The term "accident" has been consistently defined by the Arkansas Supreme Court as "an event that takes place without one's foresight or expectation—an event that proceeds from an unknown cause, or is an unusual effect of a known cause, and therefore not expected." *U.S. Fidelity & Guar. v. Cont'l Cas. Ins. Co.*, 353 Ark. 834, 845, 120 S.W.3d 556, 563 (Ark. 2003) (quoting *Cont'l Ins. Co. v. Hodges*, 259 Ark. 541, 534 S.W.2d 764 (Ark. 1976)).

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) states that summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Under this standard, the inquiry is not whether the evidence favors one side or the other, but "whether a fair minded jury could return a verdict for the plaintiff on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).  When considering a summary judgment motion, the Court "must view the evidence 'in the light most favorable to the nonmoving party.'" *Sappington v. Skyjack, Inc.*, 512 F.3d 440, 445 (8th Cir. 2008) (quoting *F.D.I.C. v. Bell*, 106 F.3d 258, 263 (8th Cir. 1997)).  To defeat a motion for summary judgment, however, the non-moving party must "make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The "nonmovant must present more than a scintilla of evidence and must advance specific facts to create a genuine issue of material fact for trial." *Bell*, 106 F.3d at 263 (8th Cir. 1997). "In order to survive a motion for summary judgment, the non-moving party must be able to show sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy." *Binkley v. Entergy Operations, Inc.*, 602 F.3d 928, 931 (8th Cir. 2010).

## III.  DISCUSSION

Allstate argues that it has no obligation to defend or indemnify Martin under the insurance policies because none of the Pazuchowski's claims against Martin are "occurrences" as defined by the policy agreements.  When an insurer's duty to defend is in dispute, the pleadings against the insured generally determine the insurer's duty to defend. *Murphy Oil USA, Inc. V. Unigard Sec. Ins.*

*Co.*, 347 Ark. 167, 175-76, 61 S.W.3d 807, 812 (Ark. 2001)  The duty to defend is broader than the duty to indemnify, and the duty to defend arises where there is a possibility that the injury or damage may fall within the policy coverage.  *Murphy Oil USA*, 347 Ark. at 177, 61 S.W.3d at 812.  "Conversely, where there is no possibility that the damage alleged in the complaint may fall within the policy coverage, there would be no duty to defend." *Id*.  Although a court must resolve any doubt in favor of the insured in determining whether a complaint states a claim within the policy coverage, *Murphy Oil USA*, 347 Ark. at 178, 61 S.W.3d at 814, courts "are not required by the rules of contractual construction to stretch our imaginations to create coverage where none exists." *Pate v. U.S. Fid. & Guar. Co.*, 14 Ark. App. 133, 136 685 S.W.2d 530, 532 (Ark. 1985).  Here, this Court must examine whether the complaint in the underlying lawsuit alleges facts that would come within the coverage of the Allstate insurance policies.  If so, Allstate's duty to defend arises.

The Allstate policies at issue in this case cover damages arising out of or caused by an occurrence.  Under Arkansas Law, where the terms of an insurance policy are clear and unambiguous, the policy's language controls. *Smith v. Shelter Mut. Ins. Co.*, 327 Ark. 208, 210, 937 S.W.2d 180, 181 (Ark. 1997).  Undefined terms are not necessarily ambiguous. *Smith v. Southern Farm Bureau Cas. Ins. Co.*, 353 Ark. 188, 192, 114 S.W.3d 205, 207 (Ark. 2003).  Here, the term "occurrence" means "accident," which the Arkansas Supreme Court has defined as "an event that takes place without one's foresight or expectation—an event that proceeds from an unknown cause, or is an unusual effect of a known cause, and therefore not expected." *U.S. Fidelity & Guar.*, 353 Ark. at 845, 120 S.W.3d at 563.  The Court finds no ambiguity here regarding the policy terms.

Martin contends that the allegations in the underlying lawsuit of disability discrimination, deprivation of the right to a free appropriate public education, fraud, and outrage fall within the definition of an occurrence or accident.  Each of these causes of action are premised on the allegation

that Martin and his employer failed in their obligation to provide both care for the Pazuchowskis' children's mental disabilities and an appropriate education while the minors were enrolled in the alternative education program offered by Martin's employer. The complaint alleges that this failure was the result of the intentional, willful, and fraudulent actions of Martin and his employer.

Specifically, the Pazuchowskis allege that the schools run by Martin and his employer falsely held themselves out to be schools approved by the Arkansas Department of Education to provide regular and special education services. They further allege that Martin knew that the students funneled into these schools would be denied special education services and their right to an adequate education. According to the complaint, Martin and his employer intentionally and falsely represented to the Pazuchowskis that the schools would provide special education services to their children. The Pazuchowskis accuse Martin and his employer of acting in bad faith and committing willful acts that have caused damages to the Pazuchowskis' children.

After examining the complaint as a whole and looking to the true nature of the action, *see Fisher v. Travelers Indem. Co.*, 240 Ark. 273, 275, 398 S.W.2d 892, 893 (Ark. 1966), it is obvious to the Court that the Pazuchowskis are not seeking damages for injuries to their children caused by an accident. Instead, they are seeking compensatory and punitive damages for alleged willful, fraudulent, and intentional acts committed by Martin and his employer. None of the acts complained of in the underlying complaint are accidental; therefore, these acts are not "occurrences" covered by the insurance policies. Because there is no possibility that the damage alleged in the underlying complaint may fall within the coverage of the policies, Allstate has no duty to defend or indemnify.[1]

---

[1] Because there is no duty to defend or indemnify as coverage was not triggered by an "occurrence," there is no need to address Allstate's remaining arguments regarding the inapplicability of the insurance policies issued to Martin.

## IV.  CONCLUSION

For the reasons stated above, the Court finds that Allstate's Motion for Summary Judgment (ECF No. 14) should be and hereby is **GRANTED**.  Allstate has no duty to indemnify Martin for the damages alleged in the underlying lawsuit or to defend Martin in that action.  The Court will issue a Judgment of even date consistent with this Opinion.

**IT IS SO ORDERED**, this 21st day of July, 2014.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge